**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1785**

_____

PAULETTE A. MYERS,

Plaintiff - Appellee,

v.

DOLLAR GENERAL CORPORATION,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Mary Gordon Baker, Magistrate Judge.  (2:15-cv-02869-MGB)

_____

Submitted:  April 30, 2018                                     Decided:  June 20, 2018

_____

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Adam N. Yount, Sarah P. Spruill, HAYNSWORTH, SINKLER, & BOYD, PA, Charleston, South Carolina, for Appellant.   Gene M. Connell, Jr., KELAHER, CONNELL & CONNOR, PC, Surfside Beach, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dollar General appeals the district court's[1] denial of its motion for judgment as a matter of law after the jury awarded Paulette A. Myers $75,000 in compensatory damages and $250,000 in punitive damages on her slander claim under South Carolina law. Alternatively, Dollar General contends that even if the compensatory damages award stands, the punitive damages award must be vacated because the district court should not have submitted the issue of punitive damages to the jury, and because the district court erroneously instructed the jury as to punitive damages. We affirm.

Myers' suit arose out of a November 8, 2014, incident at the Dollar General store in McClellanville, South Carolina. On that day, the store manager, Theresa Tyler, told two deputies from the Charleston County Sheriff's Office that Myers and her nephew Kareem Singleton were shoplifters. The deputies detained Myers and Singleton outside the store for more than an hour before releasing them with warning citations. Although no criminal charges were ever filed, Myers and Singleton were banned from the store.

Tyler testified that she believed Myers and Singleton were shoplifters based on surveillance video from November 6, 2014, which Tyler believed showed Myers stealing cosmetics. Tyler also found it suspicious that although Myers and Singleton entered the store together on November 8, they each took a cart and went in separate directions inside the store. At trial, Myers' niece testified that she, not Myers, was the woman in the

---

[1] The parties consented to the authority of the magistrate judge to conduct all proceedings. *See* 28 U.S.C. § 636(c)(1) (2012).

2

November 6 video, and that she had not stolen anything. Myers testified that she was not the same height or weight as her niece, had a different hairstyle, and was significantly older.[2] Myers and Singleton both testified that they had their own carts on November 8 because they were shopping for different things. Although Tyler had initially maintained that the November 6 video showed Myers stealing from Dollar General, she admitted at trial that she was mistaken.[3] She stated that she had no ill will toward Myers, and made an honest mistake.

Federal jurisdiction in this case rests on diversity, 28 U.S.C. § 1332 (2012), and therefore this Court applies the substantive law of South Carolina. *See Stahle v. CTS Corp.*, 817 F.3d 96, 99-100 (4th Cir. 2016). Under South Carolina law, "[t]he tort of defamation allows a plaintiff to recover for injury to her reputation as the result of the defendant's communication to others of a false message about the plaintiff. Slander is a spoken defamation while libel is a written defamation or one accomplished by actions or conduct." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998). To recover on a slander claim, the plaintiff must show that "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault;" and (4) the statement is actionable. *Fountain v. First Reliance*

---

[2] When shown the November 6 video at their depositions, Myers and Singleton initially stated that the woman in the video was Myers. Both stated that although they could not see the face of the woman in the video, they recognized Singleton, and assumed that the woman with Singleton was Myers.

[3] Dollar General did not include the video in the Joint Appendix.

3

*Bank*, 730 S.E.2d 305, 309 (S.C. 2012). Defamation is "either actionable per se or not actionable per se"; if the latter, then plaintiff must plead and prove common law malice and special damages. *Id.* "If the statement is actionable per se, then the defendant is presumed to have acted with common law malice and the plaintiff is presumed to have suffered general damages." *Id.* (internal quotation marks omitted). "Common law malice means the defendant acted with ill will toward the plaintiff, or acted recklessly or wantonly, i.e., with conscious indifference of the plaintiff's rights." *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 665 (S.C. 2006). Slander "is actionable per se when the defendant's alleged defamatory statements charge the plaintiff with . . . commission of a crime of moral turpitude." *Fountain*, 730 S.E.2d at 309 (internal quotation marks omitted). The parties agree that shoplifting is a crime of moral turpitude, and therefore actionable per se.

Dollar General contends that it was entitled to judgment as a matter of law on the slander claim because Tyler's statement to police that Myers was a shoplifter was privileged as a matter of law, and therefore Myers could not recover for it. We review de novo the denial of a motion for judgment as a matter of law, considering the evidence "in the light most favorable to the plaintiffs, the prevailing parties at trial." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir.), *cert. denied*, 138 S. Ct. 470 (2017).

> One who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it conditionally privileged, and (2) the privilege is not abused. The essential elements of a conditionally privileged communication [are] good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.

4

*Fountain*, 730 S.E.2d at 310 (internal quotation marks and citation omitted). "Where the occasion gives rise to a qualified privilege, there is a prima facie presumption to rebut the inference of malice, and the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded." *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 134 (S.C. 1999). "An abuse of the privilege occurs in one of two situations: (1) a statement made in good faith that goes beyond the scope of what is reasonable under the duties and interests involved or (2) a statement made in reckless disregard of the victim's rights." *Fountain*, 730 S.E.2d at 310. "In general, the question whether an occasion gives rise to a qualified or conditional privilege is one of law for the court. However, the question whether the privilege has been abused is one for the jury." *Swinton*, 514 S.E.2d at 134 (citation omitted).

The district court correctly determined that, based on the evidence at trial and taking all legitimate inferences in Myers' favor, a reasonable jury could have found Dollar General liable for slander, either because the defamatory statement was not privileged or because Dollar General abused the privilege. This case turns heavily on the credibility of Tyler's testimony that she made an honest mistake and bore no ill will against Myers, which is a core jury question. Moreover, because of Tyler's testimony that she accused Myers of shoplifting largely on the basis of the November 6 video, the jury's conclusions about what the video did or did not show loom large. If the jury concluded that the video belied Tyler's claim that she honestly mistook Myers to be a shoplifter, it could have also concluded that the only explanation for Tyler's actions was

5

either ill will or reckless disregard for Myers' rights. Accordingly, Dollar General was not entitled to judgment as a matter of law on liability.

Dollar General also seeks to set aside the jury's award of punitive damages, arguing that the district court failed to properly instruct the jury that it needed to find by clear and convincing evidence that Dollar General acted with actual malice, and that Myers failed as a matter of law to meet this standard. *See* S.C. Code Ann. § 15-33-135 (2005). "We review both the decision to give (or not to give) a jury instruction and the content of an instruction for abuse of discretion." *United States v. Savage*, 885 F.3d 212, 222 (4th Cir. 2018) (ellipsis and internal quotation marks omitted). Although the district court did not use the term "actual malice" when it instructed the jury on punitive damages, its instruction on the substance of actual malice was substantially similar to the instruction Dollar General requested. The court also instructed the jury that Myers must prove her entitlement to punitive damages by clear and convincing evidence. Accordingly, Dollar General cannot show that the district court abused its discretion in instructing the jury on punitive damages.

The district court also did not err in determining that a reasonable jury could find that an award of punitive damages was appropriate in this case. As noted above, this case turns largely on Tyler's credibility and the jury's conclusions about the November 6 video. While it may have been reasonable for the jury to decline to award punitive damages, and while the clear and convincing standard is a higher burden of proof than preponderance of the evidence, Dollar General has not shown on appeal that no reasonable jury could find that Myers was entitled to punitive damages.

6

We therefore affirm the jury's verdict and the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*